Christopher W. Arledge (Bar No. 200767)
William E. Levin (Bar No. 104631) (*admission pending*)
wlevin@onellp.com
Steven M. Dicterow (Bar No. 89371) (*admission pending*)
sdicterow@onellp.com
Jenny S. Kim (Bar No. 282562) (*admission pending*)
jkim@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff
Parts Dynasty Corporation dba GO-PARTS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

PARTS DYNASTY CORPORATION dba GO-PARTS, a California corporation,

Plaintiff,

v.

SCOTT PETRETTA, an individual, and DOES 1-10, inclusive,

Defendant.

Case No.

**PLAINTIFF PARTS DYNASTY CORPORATION'S COMPLAINT FOR TRADEMARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, CYBERPIRACY, DISPUTED DOMAIN NAME, AND DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Parts Dynasty Corporation, doing business as "Go-Parts," ("GO-PARTS" or "Plaintiff"), by and through its counsel, alleges for its Complaint against Defendant Scott Petretta ("Petretta," "Infringer," or "Defendant") as follows:

NATURE OF THE ACTION

1. This is an action for unfair competition under federal and California law, trademark and trade name infringement under federal and California law, false advertising under federal and California law, cyberpiracy under federal law, disputed domain name under federal law and related claims, based on Defendant's deliberate imitation and use of Plaintiff's mark and name GO-PARTS ("GO-PARTS"), and confusingly similar marks and names, and the other wrongful acts of Defendant alleged herein.

THE PARTIES

2. Plaintiff Parts Dynasty Corporation, doing business under the trade name GO-PARTS (hereinafter sometimes called "go-parts"), is a corporation, organized and existing under the laws of the State of California, which started its business in this judicial district, in Long Beach, and currently has its principal place of business at Sacramento, California 95829.

3. Plaintiff is informed and believes that Defendant Petretta is an individual who is or was residing in and/or maintaining a principal place of business at 202 Division Ave., Belleville, New Jersey 07102, and does business in this judicial district. Plaintiff personally directed, controlled, and participated in the wrongful acts complained of herein, including by directing extortionary communications to Plaintiff at an address in Rocklin, California.

4. Plaintiff is currently unaware of the true names and capacities of the Doe Defendants sued herein under the names "Does 1 through 10" and therefore refers to said parties by such fictitious names. Plaintiff is informed and believes that each of the defendants sued under such fictitious names was in some manner responsible for Plaintiff's damages, whether as an agent, employee, partner, joint

venturer, assignee, successor, or alter ego to Defendant or in some other capacity. Plaintiff will amend this complaint to allege the true names of the fictitiously named defendants when the same are ascertained.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, and 1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C. §§ 1117 and 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367. This Court has personal jurisdiction over each of the Defendants because, inter alia, on information and belief, each Defendant transacts business in the Eastern District of California, including in Sacramento County. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for trademark and trade name infringement, unfair competition, false advertising, and related claims, occurred in this judicial district. Petretta's activities and the other relevant facts supporting jurisdiction are set forth in more detail below, including the business of selling domain names in bad faith to GO-PARTS.

6. Plaintiff is informed and believes that in doing the acts alleged herein, each of the Defendants was the agent, principal, employee, representative, or alter ego of the other Defendants and/or acted with one or more of the other Defendants' knowledge, consent and approval, and acted within the course and scope of his agency or representative capacity. As such, each of the Defendants is responsible for the actions of the other Defendants, as alleged herein.

7. Plaintiff is informed and believes that each of the Defendants has advertised, sold, and/or distributed its services or products in this judicial district, or committed tortious acts in this judicial district, including but not limited to contacting GO-PARTS here and targeting it here as a buyer for its cyberpiracy and sale of the GOPARTS domain name as alleged herein, and attempting to extort Plaintiff into buying the hijacked domain name as alleged herein.

## FACTS

## OVERVIEW OF PLAINTIFF GO-PARTS AND ITS ACTIVITIES

8. Plaintiff GO-PARTS is a nationwide distributor of automotive parts and was incorporated under the laws of the State of California on or about October 3, 2013, with its headquarters in California. A true and correct copy of the articles of incorporation for GO-PARTS are attached hereto as Exhibit 1.

9. On or about October 3, 2013, GO-PARTS was first used as a trade name by Plaintiff. GO-PARTS was first incorporated under its distinctive name on or about October 3, 2013, and has used GO- PARTS as its trade name continuously since that time in Sacramento County and in interstate commerce.

10. On or about November 1, 2013, GO-PARTS was first used as a mark for retail store services featuring automotive parts and supplies sold on the Internet and elsewhere in interstate commerce. Plaintiff filed an application to register its Go-PARTS mark and name on or about May 19, 2014, which resulted in the issuance of a federal registration on January 15, 2015, giving constructive notice throughout the U.S., including to Defendant, of GO-PARTS rights, use, and ownership. A true and correct copy of GO-PARTS federal trademark registration is attached hereto as Exhibit 2, and Plaintiff is the owner of that registration.

11. GO-PARTS uses its protected mark in conjunction with its business throughout the United States, including in Defendant's immediate geographic area in New Jersey, and federally registered it in the United States as a trademark as set forth above.

12. The GO-PARTS trademark and trade name symbolize the business goodwill of Plaintiff, and are an intangible asset of substantial commercial value.

13. One of GO-PARTS' primary goals has been to build up a strong trademark and trade name that its customers can and will associate with Plaintiff and its innovative quality products and stellar customer service.

14. As a result of GO- PARTS' long usage and extensive advertising and marketing of its mark and trade name, the consuming public and GO-PARTS' customers, have come to recognize GO-PARTS as its trade name and service mark in the field of automotive parts and supplies in Sacramento County, in California, and throughout the United States.

15. Sales, advertising and promotion of GO-PARTS' parts and services which use GO-PARTS' unique and distinctive trademark and/or trade name since inception have been substantial in Plaintiff's niche marketplace, including in Sacramento County and California. A true and correct copy of a page from Plaintiff's current web site showing its usage of GO-PARTS is attached hereto as Exhibit 3.

16. As a result of such continuous use and extensive sales, advertising and promotion of the GO-PARTS trademark and trade mark by Plaintiff, its services associated with them enjoy recognition and notoriety in the United States in Plaintiff's niche market place, and are recognized by the relevant consuming public as emanating from Plaintiff. Sample documents showing use, promotion, marketing, and the popularity of the GO-PARTS name and mark on the internet and elsewhere are attached hereto, including Exhibit 4, a true and correct copy of a Facebook page for GO-PARTS, and Exhibit 5, a true and correct copy of a Google search on February 26, 2020, for the words GOPARTS,

17. Plaintiff GO-PARTS has diligently protected its name and mark GO-PARTS in the past, including a cease and desist letter to Defendant GOPARTS as alleged herein.

DEFENDANT'S WRONGFUL ACTIVITIES

18. Plaintiff is informed and believes that on or about 1994, Defendant Scott Petretta purchased the domain name "goparts.com" (hereinafter the "domain name" or "GOPARTS"), with the sole or primary intent to sell or license it later to a

third party who was or would be using it for an actual business, and without any intent to use the domain name itself, or any actual use of GOPARTS.

19. Plaintiff is informed and believes that since 1994, Defendant Petretta has rarely, if ever, used the domain name GOPARTS, and has not used the domain name GOPARTS whatsoever for a number of years, and has never intended to or actually used GOPARTS as a trade name, service mark, or trade name for an actual business selling products and services, but has simply parked it on the internet to be sold eventually or licensed to a third party, such as GO-PARTS, who was actually using the name and mark or a substantially identical name and mark.

20. Plaintiff is informed and believes that Defendant Petretta is a professional cybersquatter, whose sole business is buying and selling domain names for profit as alleged herein.

21. Plaintiff is informed and believes that Defendant Petretta has no legitimate interests in the domain name. Plaintiff is informed and believes that Defendant has failed to use the domain name in any way for many years, and is holding it purely to get ransom from someone else who has a legitimate trademark which is virtually identical or confusingly similar to the hijacked domain name.

22. Plaintiff is informed and believes that Defendant's domain name is confusingly similar to Plaintiff's well-known and legally owned GO-PARTS name and mark, and Defendant's threats to use the GOPARTS domain name, and sell or license it to third parties if Plaintiff won't buy it, is without a good faith justification, and poses a substantial threat to Plaintiff 's intellectual property rights, and its reputation, and does not promote a legitimate business interest of Defendant.

23. Plaintiff is informed and believes that Defendant Petretta's registration and use of the domain name was done in bad faith and for the purpose of ransoming the GOPARTS domain name, and to extort money from Plaintiff.

24. Eventually Plaintiff became aware of Defendants and their activities in the marketplace, and of their activities in the parties' overlapping niche marketplace,

including that Defendants were attempting to sell or license the GOPARTS domain name to Plaintiff or third parties.

25. Plaintiff is informed and believes that Defendants have made little if any effort to differentiate their name and mark in the marketplace from Plaintiff's name and mark, but instead have demonstrated their intent to confuse customers and potential customers and others in the marketplace into thinking that Defendants is Plaintiff GO-PARTS, or in some way licensed, authorized by, or affiliated with Plaintiff GO -PARTS.

26. Defendant uses a confusingly similar name and mark, including GOPARTS, and Plaintiff is informed and believes he will continue to do so until and unless enjoined by this Court, thereby causing irreparable injury to Plaintiff GO-PARTS and its reputation.

27. Plaintiff is informed and believes that Defendant has maintained or attempted to maintain ownership of the domain name for www.goparts.com, with constructive, and actual, knowledge of Plaintiff's use of the federally registered GO-PARTS mark and name, and that the GOPARTS domain name was and is likely to cause confusion in the marketplace, particularly as Plaintiff markets extensively on the internet, including via its web site, and its customers rely upon and use the internet and their web sites extensively in connection with the Plaintiff's products and services promoted and advertised under the GO-PARTS mark on the internet and on the Plaintiff's web sites.

28. Defendant's threatened, or any actual, usage of the trade name and service mark GO-PARTS marketplace for the same business and services, and potentially even to the same dealers and consumers, is likely to cause confusion as to the source of services or business or and affiliation, license, sponsorship, or endorsement between Plaintiff and its business and services, and Defendant's business and services.

29. Plaintiff is informed and believes that Defendant does not use distinctive or well-known company names or other trademarks, but uses solely or primarily the dominant mark and name GOPARTS, to the extent that Defendant has done anything other than passively park the GOPARTS domain name and extort others to buy or license it from Defendant.

30. Plaintiff is informed and believes that Defendants has intentionally maintained, and may be using, or is threatening to use, \a confusingly similar trade name and service mark for the purpose of causing confusion and trading on Plaintiff's prior usage, rights, and reputation and goodwill. Because Defendant is in the same geographical area as the Plaintiff and in the same industry, it is essentially certain that Defendant was aware of Plaintiff's use and prior rights as he continued to threaten to use, or to sell or license to third parties, a confusingly similar mark and name in the same geographical areas as Plaintiff does business.

31. Plaintiff is informed and believes that Defendant's wrongful actions, including use of a confusingly similar mark and name, and domain name, were for the purpose of, and accomplished the goal of, causing confusion in the marketplace, trading upon Plaintiff GO-PARTS' goodwill and reputation, and riding upon the coat tails of Plaintiff GO-PARTS in the marketplace, and/or illegally extorting money from Plaintiff as the rightful owner of GO-PARTS and the confusingly similar, and substantially identical, GOPARTS domain name.

32. Defendant's use, if any, of GOPARTS constitutes an infringement of Plaintiff's common law and statutory rights under federal law, including but not limited to Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and under California law, in its trade name and service mark GO-PARTS, unfair competition, and false advertising, and appears to be a deliberate infringement of Plaintiff's rights, and its other actions constitute an act of cyberpiracy.

33. Clearly Defendant intends to continue their wrongful, and deliberate, activities until and unless enjoined by this Court, and do so willfully and with full knowledge of their actions and the consequences.

GO-PARTS PURCHASE OF THE GOPARTS DOMAIN NAME AND RELATED ACTIONS

34. In order to avoid a legal dispute and in an exercise of extreme caution, Plaintiff has attempted to purchase the domain name from Defendant despite Defendant's failure to use such name and lack of any rights to it. However, Defendant illegally demanded $100,000 from Plaintiff in order to sell the domain name to Plaintiff, its rightful owner.

35. On or about November 11, 2015, Plaintiff sent Defendant a cease and desist letter regarding Defendant's use or potential use of the domain name, a true and correct copy of which is attached hereto as Exhibit 6.

36. Plaintiff is informed and believes that in response to the cease and desist letter, Defendant has not used either the "Go-Parts" name or the domain name at least since that date, and Defendant has abandoned use of the domain name and use of it on its former website.

37. In or about October 2019, Plaintiff learned that the domain name GOPARTS was available and purchased the domain name from GoDaddy, a large company which helps people and businesses register domain names, and presumably obtained rights to sell it from GOPARTS' failing to continue to pay the continuing fees to maintain ownership, or expressly cancelling it, and without any intervention by GO-PARTS. A true and correct copy of a receipt from GoDaddy for the $4900 paid by Plaintiff is attached hereto as Exhibit 7, dated October 28, 2019.

38. On or about February 13, 2020, Plaintiff received a refund of the money it had paid to GoDaddy to purchase the GOPARTS domain name, with no explanation as to why GoDaddy was attempting to cancel the purchase of

GOPARTS. Plaintiff had no choice as to the receipt of the purchase price refund, $4900, as it was simply deposited back into Plaintiff's account.

39. On or about February 21, 2020, Plaintiff received a demand letter from GOPARTS' attorney threatening a legal action in the United States District Court in the Eastern District of Virginia over Plaintiff's use or ownership of the GOPARTS domain name, and falsely asserting that Defendant was the "lawful owner" of the GOPARTS domain name. A true and correct copy of that letter is attached hereto as Exhibit 8.

40. In response to Plaintiff's request for a reason for this "refund" of the purchase price, which GO-PARTS did not request or desire, GoDaddy sent a letter to Plaintiff explaining why it had sent Plaintiff a refund, attaching a copy of the Exhibit 9 notice of intent to proceed with a lawsuit from GOPARTS' attorneys, and saying, "This is why we cancelled and refunded the transaction, rather than having you in a legal dispute over the name. " A true and correct copy of the February 24, 2020 email from GoDaddy labeled as "Here's our response to your request," is attached hereto as Exhibit 9.

41. GoDaddy continues to be the registrar of the domain name GO-PARTS. Plaintiff intends to write to GoDaddy notifying it that Plaintiff does not accept the cancellation of the purchase of the GOPARTS domain name, and attempting to return the purchase price refund to GoDaddy.

PLAINTIFF'S DAMAGES AND DEFENDANT'S PROFITS

42. Plaintiff is informed and believes that as a direct and proximate result of Defendants' activities, Plaintiff GO-PARTS has suffered actual damages, and will continue to suffer them until Defendants' wrongful activities are enjoined, in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of goodwill, lost sales and revenues, diminution in the value of Plaintiff's business, subject to proof at trial and future retention of expert witnesses

regarding such damages and other damages set forth in this complaint, but believed to be in an amount of not less than $1,000,000.

43. Plaintiff is informed and believes that as a direct and proximate result of Defendants' activities, GO-PARTS will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined, but believed to be not less than $500,000, subject to proof at trial and future retention of expert witnesses.

44. Plaintiff is informed and believes that as a direct and proximate result of Defendants' activities, Defendants have made gross sales (and profits thereon) from their wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages, believed to be in amount not less than $250,000.

45. Plaintiff is informed and believes that, subject to discovery and testimony, the foregoing damages and Defendants' gross sales, less any allowable expenses they establish in determining profits, will exceed $1,000,000, not including treble damages based on Defendant's willful infringement, and/or punitive damages due to Defendants' acts which were fraudulent, malicious, or oppressive under California law, with gross or reckless disregard of Plaintiff's known rights.

ATTORNEYS' FEES

46. As a direct and proximate result of Defendant's activities, GO-PARTS has been forced to hire attorneys to defend and enforce its rights and to bring the present lawsuit, and to incur costs to prosecute this lawsuit, and has obligated itself to pay attorneys' fees and litigation costs to pursue this lawsuit against Defendant.

47. This is an exceptional case, and one of deliberate infringement, such that Plaintiff is entitled to an award of attorney fees under the federal trademark laws, including, 15 U.S.C. §§ 1117(a), 1125, and other relevant statutory and case law.

PUNITIVE DAMAGES

48. Plaintiff is entitled to punitive damages under California law as a result of Defendants' wrongful acts as alleged herein, which are fraudulent, malicious, and oppressive, and with reckless disregard for the rights of Plaintiff, in violation of Cal. Civil Code § 3291, which are expected to be sought in an amount of at least $1,000,000 (one million dollars).

INJUNCTIVE RELIEF

49. Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court. GO-PARTS has no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from using, advertising, marketing, promoting, distributing, offering for sale or selling services using the term GO-PARTS, or any other confusingly similar mark or term or domain name; from continuing to claim that it is the lawful owner, or has any ownership rights, in the GOPARTS domain name or mark; and a mandatory injunction transferring any rights if may have in the GOPARTS's domain name or mark to Plaintiff.

50. There is a substantial likelihood that Plaintiff will prevail on the merits. The GOPARTS domain name is confusingly similar to Plaintiff's GO-PARTS name and mark, and, if used by Defendant or any licensee or transferee of Defendant, will falsely indicate an association, approval, or adoption of Defendant's goods or services by Plaintiff, or a license or an affiliation between the companies.

51. If the Court does not grant a preliminary and permanent injunction, Defendants will continue their activities that infringe Plaintiff's rights in their service mark and name.

52. Plaintiff will suffer irreparable injury if the Court does not enjoin Defendants from using the infringing trade mark and selling the infringing products and/or services, including but not limited to damage to reputation and damages

which cannot easily be calculated by monetary amounts, if at all, and for which there is no adequate monetary redress.

53. Defendant will not suffer undue hardship or loss as a result of the issuance of a preliminary and permanent injunction.

54. Issuance of a preliminary and permanent injunction would not adversely affect the public interest. In fact, the public will be benefited by not being confused as to any possible association between Plaintiff's and Defendant's services, products, or businesses.

## CLAIMS FOR RELIEF

### Count 1

### (Trademark and Trade Name Infringement and Unfair Competition Under the Lanham Act and California law)

55. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 54 of the Complaint as though fully set forth herein.

56. Defendants' wrongful use of the mark and name GO-PARTS falsely indicates to consumers that Defendants' products and services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

57. Defendants' wrongful use of the above GOPARTS mark in the manner described above is likely to cause and has in fact caused confusion, to cause and in fact has caused mistake, and/or is likely to deceive and has in fact has deceived customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with Plaintiff.

58. Defendants' actions, as set forth above, constitute trademark infringement of a federally registered mark and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1117, and1125, all to the damage of Plaintiff as described herein.

Count 2

(False Advertising Under the Lanham Act)

59. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 58 of the Complaint as though fully set forth herein.

60. Defendants' actions, as set forth above, constitute false and fraudulent advertising in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein and previously alleged. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 58 of the Complaint as though fully set forth herein.

Count 3

(Unfair Competition and False Advertising - California Common Law)

61. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 60 of the Complaint as though fully set forth herein.

62. Defendants' acts, as set forth above, constitute unfair competition and false advertising under the common law of California, all to the damage of the Plaintiff as previously alleged.

Count 4

(Unfair Competition and False Advertising – California Business and Professions Code)

63. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 62 of the Complaint as though fully set forth herein.

64. Defendants' acts, as set forth above, constitute unfair competition, false advertising, and unfair and deceptive trade practices, as defined in California Business and Professions Code §§ 17200-17210, and §17500 *et seq.*, all to the damage of Plaintiff as previously alleged.

Count 5

(Cyberpiracy under the Lanham Act, 15 U.S.C. § 1125(d)

65. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 64 of the Complaint as though fully set forth herein.

66. Defendants' acts, as set forth above, constitute cyberpiracy, in violation of 15 U.S.C. § 1125(d), including the use of the confusingly similar domain name with a bad faith intent to profit from Plaintiff's mark and trade name, all to the damage of Plaintiff as previously alleged.

67. Defendants' domain name, goparts.com, should be cancelled and expunged from the register of domain names, or transferred to Plaintiff GO-PARTS.

Count 6

(Declaratory Judgment Under Federal and State Law)

68. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 67 of the Complaint as though fully set forth herein.

69. Plaintiff has a reasonable apprehension of suit for alleged infringement of GOPARTS' domain name or other rights, and has been threatened with such a lawsuit, and is entitled to a declaratory judgment that it is not infringing upon any rights of Defendant, and that Plaintiff is the lawful owner of GOPARTS and GO-PARTS and that Defendant is infringing upon Plaintiff's rights, including under the federal Declaratory Judgment Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following relief:

A. Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from its continuing wrongful acts, including but not limited to the following:

i. Using the name "GOPARTS," "GO-PARTS," or any other confusingly similar designation, or any confusingly similar trademark service mark, trade name, or domain name, in connection with their products, or related goods or services, or in any other way, or infringing upon Plaintiff's GO-PARTS name and mark.

ii. Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on the GO-PARTS trademark and name, or adopting or using any other trademarks or designations that are confusingly similar to Plaintiff's trademark and name.

iii. Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above.

iv. Claiming any right, title, or interest in or to, or ownership of, GOPARTS or any confusingly similar term, name, or mark, including the domain name goparts.com.

B. A mandatory injunction transferring any rights Defendants may have in the GOPARTS domain name or mark to Plaintiff.

C. An order that Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in its possession or control that depict or reference the infringing trademark or any other confusingly or substantially similar mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

D. An order that Defendants file with the Court and serve on Plaintiff, within 30 days after the entry and service on Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendants have complied with the provisions of subparagraphs (A) and (B) above.

E. Plaintiff recover all damages it has sustained as a result of Defendants' infringement, unfair competition, false advertising, and other wrongful activities.

F. Plaintiff be awarded treble damages under 15 U.S.C. §§ 1117(b), 1125, and as otherwise allowable, for willful infringement, up to the maximum allowed by law.

G. Plaintiff be awarded punitive damages under California law.

H. An order for an accounting to determine Defendant's profits resulting from its infringement, unfair competition, false advertising, and other wrongful acts, and that the profits be paid over to Plaintiff, increased as the Court determines is appropriate to the circumstances of this case.

I. Plaintiff be awarded statutory damages under 15 U.S.C. §§ 1117(d) and 1125.

J. The Court declare this case an exceptional case of intentional infringement, and award Plaintiff its reasonable attorney fees for prosecuting this action pursuant to 15 U.S.C. § 1117(a), and as the prevailing party, and as otherwise allowed by law.

K. Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, and attorneys' fees, to the fullest extent allowed by law.

/ / /

/ / /

/ / /

L. Plaintiff receive all other relief the Court deems just and appropriate.

Dated: August 11, 2020

**ONE LLP**

By: /s/ Christopher W. Arledge
Christopher W. Arledge
William E. Levin (*admission pending*)
Steven M. Dicterow (*admission pending*)
Jenny S. Kim (*admission pending*)

Attorneys for Plaintiff
Parts Dynasty Corporation dba
GO-PARTS

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims so triable in this action.

Dated: August 11, 2020

**ONE LLP**

By: /s/ Christopher W. Arledge
Christopher W. Arledge
William E. Levin (*admission pending*)
Steven M. Dicterow (*admission pending*)
Jenny S. Kim (*admission pending*)

Attorneys for Plaintiff
Parts Dynasty Corporation dba
GO-PARTS

**LIST OF EXHIBITS TO COMPLAINT**

| EXHIBIT NO. | DESCRIPTION | DATE |
|---|---|---|
| 1 | Articles of Incorporation for GO-PARTS in California | 10/3/2013 |
| 2 | Federal Trademark Reg. No. 4570639 for GO-PARTS for retail store services featuring auto parts and supplies, issued on January 13, 2015 | 1/13/2015 |
| 3 | Printout of Plaintiff's About Go-Parts page from its web site | 2-26-2020 |
| 4 | Plaintiff's Facebook page showing use of its name and mark | 2-26-2020 |
| 5 | Google search for GOPARTS | 2-26-2020 |
| 6 | Cease and desist letter from GO-PARTS to Defendant Petretta | 11-11-2015 |
| 7 | Receipt to GOPARTS from GoDaddy for purchase of GOPARTS.com domain name | 10-28-2019 |
| 8 | Letter from Petretta's attorneys to GoPARTS re ownership of domain name | 2-21-2020 |
| 9 | Email from GoDaddy to GO-PARTS as to attempt to cancel GO-PARTS' purchase of GOPARTS domain name due to notice from GOPARTS' counsel of threatened lawsuit | 2-24-2020 |