# EXHIBIT 6



P.O. Box 3411, Newport Beach, California  92659 · (949) 436-9760 · (877) 633-3720 (fax)

November 11, 2015

Scott Petretta  *Sent via Courier*
MX4.com / GoParts.com
202 Division Avenue
Belleville, NJ  07109

      Re:    <u>**CEASE & DESIST – INFRINGEMENT OF GO-PARTS' SERVICE MARK**</u>

Dear Mr. Petretta:

      As you know from my previous correspondence, which you have thus far evaded, our firm is intellectual property litigation counsel for Parts Dynasty Corporation, d.b.a. Go-Parts (hereinafter "PDC").  It has come to our office's attention that you; your company, MX4.com/Multi-Force Internet; and/or your website, GoParts.com (collectively, "you" or "your"), possess an abandoned mark both on your former website and as your domain name, which infringe on our client's federally-registered trade and service marks.  Specifically, your use of the name "Go Parts," as well as the domain name goparts.com, infringe on PDC's right to the service mark "Go-Parts."

      Parts Dynasty Corporation is the owner of United States Federal Trademark Registration No. 4670639, as well as other pending marks, which protect the use of the words "Go" and "Parts" together in the retail sale and services of automotive parts and supplies.  Your former business purports to occupy the same market space.  And while your site may no longer be active, it still has a negative effect on PDC's business.  As previously published, your website reflected that GoParts.com was "your internet place to go… for [auto] parts" and that you are in the business of selling "Automobile Parts, Electrical Parts For Rebuilders, Junkyards, Car Parts, Transmissions" for "Mechanics, Collectors, Enthusiasts."  See attached as Exhibit "A" a screenshot of a portion of your former website, reflecting your pervasive infringement of PDC's service marks.  Now, because your website is not even functional, it reflects as poorly on PDC, since its customers are easily confused by your similar domain name.

      PDC uses its service mark in conjunction with its business throughout the United States and the world, including in your immediate geographic area in New Jersey.  Under, federal, California and New Jersey law, trademark infringement occurs when one's use of an unregistered mark is so identical to another's trademark that it "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association."  15 U.S.C. §1125(1)(A); Cal. Bus. & Prof. Code § 14202(k); N.J.S.A. 56:3-13.16.

In other words, you may not "reproduce, counterfeit, copy, or colorably imitate a registered mark." 15 U.S.C. § 1114(1)(b); Cal. Bus. & Prof. Code §14245; N.J.S.A. 56:3-13.16, *supra*. Here, "Go Parts" is more than similar to PDC's federally registered "Go-Parts" – they are virtually and legally *identical*. By any definition, that use constitutes trademark infringement, and as PDC has already experienced, its clients and customers have confused the similar names. By law, not only may PDC enjoin your use of the name "Go Parts" and the domain name "goparts.com," but we may also sue you for as much as $100,000 in damages and seek the transfer of your domain name registration. 15 U.S.C. §§ 1117(d) & 1125(a).

Accordingly, this letter serves as PDC's official notice to you that its service mark rights are being violated by you and/or your company, as evidenced by, but not limited to, your use of the name and domain name "Go Parts" and "GoParts.com," respectively.

**YOU ARE HEREBY ORDERED TO CEASE AND DESIST IMMEDIATELY ALL UNAUTHORIZED USE OF PDC'S TRADEMARKS AND SERVICE MARKS.**

Please note that simply removing your content from the website does not fully satisfy this demand. You must relinquish your use of the domain name entirely. PDC reserves the right to pursue all legal remedies against you to the fullest extent possible under federal and state law, including, but not limited to, injunctive relief and monetary damages.

**SETTLEMENT PROPOSAL**

In order to resolve this matter amicably and without the need to invoke any of the aforementioned actions, PDC is agreeable to settling this matter with you. In addition to the above, federal law provides that we may pursue you for *triple* the amount of all financial and business injury sustained by PDC, attorney's fees, and any profits you have gained from operating a domain name confusingly similar to go-parts.com. 15 U.S.C. §1117(a). My client is well aware of your use of Google AdSense on goparts.com, even though the site has not been functional for decades. In sum, the total amount we estimate for which you would be presently liable is approximately **$175,000** and does not include the damages that continue to accrue moving forward.

PDC and we are fully confident that we will succeed in any litigation against you if necessary, especially considering the clear intent of your most recent communications with PDC's President, Dan Derebenskiy, in which you sought to extort an unlawful amount of money for the sale of your domain name. 15 U.S.C. §§ 1125(d)(1)(A)(i) & 1125(d)(1)(B)(i)(VI) ("bad faith intent to profit" from domain name evidenced by "person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain"). By law, a domain name owner is not entitled to profit *in any amount* from the sale of a domain name. Your demand for $100,000, therefore, is both egregiously against the law and duly recorded for our future use at trial.

Nonetheless, as our final step before commencing litigation, this letter is intended to secure your voluntary agreement to cease your current and continuing infringement of PDC's intellectual property rights; to transfer the goparts.com domain name to PDC; and to avoid costly litigation, which could result in a large judgment against you. To that end, PDC proposes the

following: It will purchase your domain name for $2,500 in exchange for an absolute waiver of all claims – past, present and future – against you.  As a result, PDC will forever be barred from filing any lawsuit against you with regard to goparts.com.  PDC therefore requires that you sign the attached Settlement Agreement and return it to our offices by no later than **one week from the date you were served with this letter**.  Our investigators will provide us with the service date so that we remain fully aware of your deadline to respond.

Please contact my office should you have any questions regarding the above.  Thank you for your immediate and professional attention to this matter.

        Sincerely,
        DELROSARIO LAW FIRM

        Mark DelRosario, Esq.
        mark@delrosario-law.com


cc:    Client, Dan Derebenskiy (via e-mail)
        Client, Sean Kennedy (via e-mail)
        File

# EXHIBIT "A"



4